# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TUERE BARNES,
    *Plaintiff*,

    v.

WARDEN OF DANBURY FCI,
    *Defendant*.

No. 3:14-cv-00848 (JAM)

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Tuere Barnes is a federal prison inmate at FCI Danbury in Connecticut. He has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that principally challenges the failure of the federal Bureau of Prisons to award him credit for certain time that he previously served in prison. Because I conclude that Barnes' claims are without merit, I will deny his petition.

### BACKGROUND

Barnes is serving a federal sentence following his conviction after trial in the United States District Court for the Southern District of New York. At the time that he was federally indicted in New York in late February 2004, he was already in New York state custody for a violation of state parole for which he had been arrested in December 2003. *See* Doc. #1 at 12. Following his federal indictment, Barnes remained in state custody serving his state parole sentence until October 4, 2005, although he was transferred back and forth to federal authorities numerous times in the interim in connection with the federal prosecution against him. He was in temporary federal custody for a total of 207 days between March 2004 and October 2005.

On October 4, 2005, Barnes' state parole sentence ended. He was then transferred permanently to continuous federal custody pending resolution of the federal charges. Barnes

remained in federal pre-trial custody until his federal jury trial in 2009, at which time the jury found him guilty on seven criminal counts including conspiracy to commit murder in aid of racketeering, kidnapping, conspiracy to distribute narcotics, and use of a firearm during a crime of violence. In 2010, Barnes was sentenced to a federal prison term of 25 years of imprisonment that he is presently serving at FCI Danbury. *See generally United States v. Barnes*, 693 F.3d 261 (2d Cir. 2012).

Barnes has now filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition claims that the federal Bureau of Prisons did not properly credit him for the time that he served in state custody from March 1, 2004, to October 4, 2005, before he was formally transferred to continuous federal custody for pre-trial detention. It appears that Barnes exhausted this claim of improper sentence computation through the Bureau of Prisons' administrative review process. Doc. #1 at 11-15.

DISCUSSION

Federal law provides that a federal criminal defendant's sentence "commences" when he is received into custody at the official detention facility at which his sentence is to be served. 18 U.S.C. § 3585(a). A defendant may receive "credit" for time that he has previously served in detention prior to the formal commencement of his federal criminal sentence. Provided that such pre-commencement-of-sentence detention time "has not been credited against another sentence," a defendant shall receive credit for time that he has previously spent in official detention "as a result of the offense for which the sentence was imposed," or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." § 3585(b).

In essence, a federal prisoner ordinarily receives credit for pre-sentencing detention time that he would not have served but for the fact of the federal prosecution for the sentence that he is serving. *See generally Reno v. Koray*, 515 U.S. 50 (1995) (explaining operation of federal sentencing computation under 18 U.S.C. § 3585). On the other hand, many federally prosecuted defendants are already serving out previously imposed state sentences, and a "defendant has no right to credit on his federal sentence for time that has been credited against [a] prior state sentence." *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998).

It is the federal Bureau of Prisons—and not the federal courts in the first instance—that determines the credit (if any) that a defendant should receive for any pre-sentencing detention. *See United States v. Wilson*, 503 U.S. 329 (1992). A defendant, however, may challenge the Bureau of Prisons' credit determination by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See, e.g.*, *Lugo v. Hudson*, 785 F.3d 852 (2d Cir. 2015) (*per curiam*).

Construing Barnes' allegations liberally, I understand him to raise several arguments why he should have received credit for some or all of the time that he was in detention prior to October 4, 2005. First, Barnes complains that the time he served for his state parole violation was for the same conduct for which he was subject to federal criminal prosecution. *See* Doc. #1 at 7, 11. But even if that is true, it would not change the credit that Barnes should have received under 18 U.S.C. § 3585. The credit to be received by operation of § 3585 does not depend on whether pre-sentencing detention in state custody was served for the same conduct upon which a federal prosecution was based. As the words of the statute make clear, credit towards a federal sentence depends on whether the time spent in state custody was "credited against another sentence," such as against a state sentence. There is no dispute here that the time that Barnes

spent in state custody from March 2004 to October 2005 was for a state parole violation that was credited toward the service and completion of a prior state sentence.

Nor does the Constitution require that a federal criminal defendant receive credit for the time that he has previously served in state custody when based on the same conduct that gave rise to his federal prosecution. "Under the dual sovereignty principle, a defendant may be prosecuted for the same conduct by more than one sovereign without offending the Double Jeopardy Clause because breaking the laws of each constitutes separate offenses." *United States v. Burden*, 600 F.3d 204, 229 (2d Cir. 2010).

Barnes has further contended that he was subject to a form of state parole violation that ordinarily ends after 90 days but that it did not end after 90 days in his case solely because federal charges were pending. *See* Doc. #18 at 2-5. For a while, I thought this argument might be persuasive. *See, e.g., Rosemond v. Menifee*, 137 F. Supp. 2d 270, 274-75 (S.D.N.Y. 2000) (noting that "'[t]ime spent in state custody, even if for an unrelated offense, must be credited toward time served on a federal sentence if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one'") (quoting *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir. 1982)). I asked respondent to address this issue (Doc. #20), and respondent has helpfully furnished additional information by way of a supplemental memorandum to show that Barnes' argument about a 90-day limit relied on a misunderstanding of the terms of his state parole violation and that his state parole detention period was not in fact extended by reason of the federal prosecution. *See* Doc. #24 at 3-4. Barnes has filed a reply to respondent's supplemental memorandum that concedes that respondent is correct in this respect, *see* Doc. #26 at 2-3, and

4

there is no longer any factual basis to suppose that his state parole detention was extended by reason of the federal prosecution.[1]

Barnes next contends that he should have received credit for the 207 days that he intermittently spent in federal custody between March 2004 and October 2005 in connection with federal court proceedings while he was still serving out his state parole sentence. *See* Doc. #26 at 3-4. But the law is clear that the time during which federal authorities temporarily "borrow" a state prisoner for federal prosecution purposes and pursuant to a writ for habeas corpus *ad prosequendum* is not credited under 18 U.S.C. § 3585, provided of course that this "borrowed" time continues to count for purposes of the prisoner's service of his state sentence. *See Lugo*, 785 F.3d at 855-56.

Finally, based on Barnes' suspicion that the federal government may have lodged a detainer with New York state prison authorities, Barnes contends that the federal case against him should have been dismissed for violation of his rights under the Interstate Agreement on Detainers. *See* Doc. #18 at 5-6; Doc. #26 at 6-7. This type of claim—involving a challenge to the validity of his conviction or sentence rather than a challenge to the manner in which the Bureau of Prisons is executing his sentence—must be brought by way of a motion for post-conviction relief under 28 U.S.C. § 2255 rather than by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g.*, *Ellis v. Quay*, 88 F. Supp. 3d 77, 81 (D. Conn. 2015). Moreover, a claim based upon a violation of the Interstate Agreement on Detainers is not cognizable under 28 U.S.C. § 2255. *See Edwards v. United States*, 564 F.2d 652, 653–54 (2d Cir. 1977) (*per curiam*).

---

[1] Notwithstanding his concession, Barnes further argues that his federal trial counsel should have been more "alert" and "moved the Sentencing Court to specifically Order the sentence date to begin as of the date of his arrest on the Federal charges." Doc. #26 at 3. This argument appears to lack merit, because a federal sentencing court does not determine in the first instance what credit a defendant should receive for his prior detention. *See Wilson*, 503 U.S. at 333. In any event, if Barnes wishes to challenge the constitutional adequacy of his representation by trial counsel, such a claim should be pursued in the first instance by means of a motion before the sentencing court in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 2255.

Accordingly, there is no basis for relief or for me to grant Barnes' request for relief on his claim of a violation of the Interstate Agreement on Detainers, or for me to transfer this claim to the Second Circuit for consolidation with another § 2255 motion that Barnes alleges is before the Second Circuit at this time.

CONCLUSION

The petition for writ of habeas corpus is DENIED. Petitioner's motion for immediate release (Doc. #27) is denied as moot. The Clerk is directed to enter judgment and close this case.

It is so ordered.

Dated at New Haven this 2nd day of May 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge